IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES J. LARNERD, JR., | : | **CIVIL ACTION NO. 1:14-CV-1341** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DEPUTY WARDEN HAUCK, *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On July 14, 2014, Plaintiff James John Larnerd, Jr., currently an inmate at the Lebanon County Correctional Facility ("LCCF"), filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.[1] **(Doc. 1)**. Plaintiff also simultaneously filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

Plaintiff's civil rights form Complaint consists of five (5) handwritten pages. (Doc. 1, pp. 1-5). Plaintiff had insufficient room to fully state his claim in the Statement of Claim Section of his Complaint, so he attached two (2) single-spaced, handwritten pages to continue his factual averments. (*Id.*, pp. 4-5). Plaintiff did not attach any Exhibits to his Complaint. As Defendants, Plaintiff names: (1) Deputy Warden Hauck; (2) Medical Staff LCCF; and (3) Warden Robert Karnes. (*Id.*, p. 1). Plaintiff states that he filed a grievance on June 3, 2014.[2]

---

[1]Plaintiff previously filed a Section 1983 claim on June 23, 2014 against police officers who arrested him in *Larnerd v. Mong, et al.*, 1:14-cv-01204. The case is currently pending before the Court.

[2]Thus, Plaintiff indicates in his Complaint that he filed a grievances at LCCF regarding his instant claims, and that he exhausted his administrative remedies. Plaintiff must exhaust all of his

Plaintiff alleges as follows during his incarceration in the Lebanon County Correctional Facility in pertinent part :

> When I was admitted I informed the medical staff that my left shoulder was hurt by the officers that arrested me. I also informed them of a goiter on my thyroid.
> ...
>
> I was seen and told stretch my shoulder and I was given Motrin for the pain. After two days of no relief I asked to see the Doctor again. My medication was changed and I was given Naproxin for the pain. Still no relief from the pain in my shoulder.
> ...
>
> I saw the Doctor 1 or 2 more times at the prison and he changed my medication to Ultram. This just barely helped with the pain.
> ...
>
> My prescription ran out and because of the unsuccessful pain relief I tryed to go without for about 10 days. The pain became unbearable and I asked to have my prescription re-ordered.
> ...
>
> I was taken to a neurologist on June 4, 2014 where I was diagnosed with nerve damage to my left C6 nerve and that I was suffering from a pinched nerve.
> ...
>
> I was finally taken to the Good Samaritan Hospital and given an MRI. This was done on June 27, 2014 at 2pm...My medication

---

LCCF available administrative remedies with respect to his claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

...

        was then switched to pretizone and flexerall.  I was also informed
that I was going to need surgery to repair the damage.

(*Id.*, pp. 3-5).

    Based on these facts, Plaintiff attempts to assert Eighth Amendment denial of medical care and cruel and unusual punishment claims against Defendants. (*Id.*).

    As relief, Plaintiff requests "$2, 500,000.00 in monetary damages for neglect and pain and suffering caused by the lack of medical attention given to me and my situation.  These damages will cover lost wages and all medical expenses in repairing my shoulder." (*Id.*, p. 3). Plaintiff does not state if he sues the state actors Defendants in both their individual and/or official capacities. (*Id.*, pp. 2-3).  However, Plaintiff can only seek monetary damages from the state actor Defendants in their individual capacities.[3] The Court has jurisdiction over his §1983 civil rights action pursuant to 28 U.S.C. §1331 and §1343(a).  We will now screen Plaintiff's Complaint as we are obliged to do in accordance with the PLRA.

---

[3] As stated, Plaintiff does not indicate if he seeks money damages from Defendants in both their individual and official capacities.  To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).  Thus, we will recommend that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.  Based upon well-settled case law, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his damages claims against Defendants in their official capacities since we find it would be futile. *See Van Tassel v. Lawrence County Domestic Relations Section,* 659 F.Supp.2d 672, 696 (W.D. Pa. 2009).

**II.     STANDARDS OF REVIEW.**

   *A.     PLRA*

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

   *B.     42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by

---

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state the time, place, and responsible persons involved. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on

supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

C.     MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.

> This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.

## III. DISCUSSION.

Based on the foregoing facts, Plaintiff alleges that Defendants violated his Eighth Amendment right to medical care and subjected him to cruel and unusual punishment.

### A. *DEFENDANTS WARDEN ROBERT KARNES AND DEPUTY WARDEN HAUCK.*

We will recommend that the Court dismiss without prejudice Defendants LCCF Warden Robert Karnes and Deputy Warden Hauck. While Plaintiff names Karnes and Hauck as Defendants, Plaintiff does not allege any constitutional claims against the Warden or Deputy Wardens who are supervisory officials and were not involved in Plaintiff's medical care. Therefore, in accordance with the aforementioned §1983 standard, because Plaintiff has failed to allege any personal involvement whatsoever of Defendants Karnes and Hauck in relation to any of the constitutional claims he raises in his Complaint, we will recommend that the Court dismiss without prejudice Defendants Karnes and Hauck. As stated, personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See Rode, supra*. We find that allowing Plaintiff to amend his pleading to properly raise Eighth Amendment claims against Defendants Karnes and Hauck may not be futile and thus, should be allowed. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

B.  *MEDICAL STAFF LCCF.*

Plaintiff also names the Medical staff at LCCF as a Defendant. (Doc. 1, p. 1). However, it is well-established that a medical department is not a proper Defendant for a § 1983 action. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The Third Circuit recognized that a prison's medical department may not be sued under Section 1983 because it is not a person. *Id.* at 992.

Therefore, the medical staff at LCCF is also not an appropriate Defendant, and we will recommend that this Defendant be dismissed with prejudice because a medical department, like a prison, is also not a "person" under §1983.

C.  *EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM.*

As stated, Plaintiff attempts to allege cruel and unusual punishment by LCCF as a conditions of confinement claim against Defendants. Plaintiff asserts his Eighth Amendment conditions of confinement claim by alleging that the Defendants subjected him to cruel and unusual punishment by not treating him. (Doc 1, pp. 2-5). However, Plaintiff has failed to allege personal involvement of any Defendant with respect to his conditions of confinement claim and also has failed to comply with Federal Rule of Civil Procedure 8(a) because he fails to plead his confinement conditions claim with factual sufficiency.

In *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 466 (M.D. Pa. 2010), the Court stated:

> The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air. *Helling v. McKinney*, 509 U.S. 25, 32 (1993). However, the Eighth Amendment does not mandate that prisons be

free of discomfort *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). No static test determines whether conditions of confinement are "cruel and unusual." These terms must "draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society." *Tillery v. Owens*, 719 F. Supp. 1256, 1261 (W.D.Pa 1989).

To establish an Eighth Amendment claim, Mitchell must show that he has been deprived of "the minimal civilized measure of life's necessities." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d. Cir. 1997) (*quoting Young v. Quinlan*, 960 F.2d 351, 359 (3d. Cir. 1992)). In reviewing this type of claim, courts have stressed the duration of the complainant's exposure to the alleged unconstitutional conditions and the "totality of the circumstances" as critical to a finding of cruel and inhumane treatment. *Rhodes*, 452 U.S. at 362-363. Moreover, the focus must be on the deprivation of a particular basic necessity. As explained by the United States Supreme Court:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of single human need exists. *Wilson v. Seiter*, 501 U.S. 294, 304-305 (1991).

> In addition to showing conditions that pose a significant risk of serious harm, the inmate must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Id*. at 298. As described by the Supreme Court in *Farmer*, the standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer,* 511 U.S. at 837. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id*. at 842.

Plaintiff has failed to properly allege an Eighth Amendment conditions of confinement claim because he has not averred that any Defendant acted with deliberate indifference to a substantial risk of harm by not treating him for severe pain.  Plaintiff does not allege deliberate indifference on the part of the Defendants because Plaintiff fails to provide information that any Defendant knew of a risk of serious harm to him and disregarded his complaints.   To the contrary, Plaintiff asserts the list of treatment which he received for the pain in his shoulder.  We find that Plaintiff's allegations are insufficient to rise to an Eighth Amendment claim.

Therefore, because Plaintiff has failed to allege personal involvement of any Defendant with relation to his conditions of confinement claim, because Plaintiff's allegations appear to only demonstrate potential negligence,  and because Plaintiff has failed to properly allege the elements of a constitutional claim, we will recommend that Plaintiff's Eighth Amendment conditions of confinement claim be dismissed with prejudice.  We find that this claim may be more properly asserted as an Eighth Amendment denial of medical care claim. Thus, we find that allowing Plaintiff the opportunity to amend his Complaint with respect to his conditions of confinement claim  would  be futile.  *See Mitchell, supra; Grayson v. Mayview State Hospital*, 293 F.3d at 111.

D.   *EIGHTH AMENDMENT DENIAL OF MEDICAL CARE CLAIM.*

In his Complaint, as noted above, Plaintiff's denial of medical care claim is vague at best. Plaintiff alleges that Defendants violated his Eighth Amendment right to medical care since his incarceration on March 12, 2014, he has complained of severe pain due to a left shoulder injury which has not been properly treated . (Doc. 1, p. 3).

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to successfully raise an Eighth Amendment denial of medical care claim, a plaintiff inmate must allege that the defendant was deliberately indifferent to plaintiff's serious medical needs. *Monmouth Cty. Corre. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987). A prison official acts with deliberate indifference to an inmate's serious medical needs when the prison official is aware of the medical need and "disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). According to the Supreme Court in *Estelle*, negligently diagnosing or treating a medical condition does not amount to an Eighth Amendment violation of an inmate's right to medical care/ treatment. *Estelle*, 429 U.S. at 106.

Plaintiff does not allege that any of Defendants failed to supervise any prison employees in deliberate indifference to his serious medical needs. In fact, as stated, Plaintiff does not even allege that the supervisory Defendants had any direct knowledge of his medical condition or treatment. Plaintiff clearly states in his allegations that he received treatment.

In short, it is not alleged that the Defendants were aware of any improper medical care to Plaintiff by the prison's medical staff during the relevant time. Further, as the *Goodrich* Court stated, "non-physician defendants cannot be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated" by the prison's medical staff. *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir.1993). There is no allegation that any of the supervisory Defendants had reason to believe that the prison medical staff were not treating Plaintiff appropriately. The *Goodrich* Court also stated:

> A prison official's deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment and states a cause of action under § 1983 *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment claim has objective and subjective components. First, the prisoner must show that his medical need is, objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citation omitted). Second, he must establish that the prison official acted with subjective deliberate indifference, that is, that the official was aware of a substantial risk of serious harm to the prisoner but disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
>
> A medical need qualifies as "serious" for purposes of Eighth Amendment analysis if, for example, "it is one that has been diagnosed by a physician as requiring treatment." *Monmouth County Corr. Institutional Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987) (quotation and citation omitted). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quotation *111 and citation omitted). A mental illness may constitute a serious medical need. *Inmates of the Allegheny County Jail v. Pierce,* 612 F.2d 754, 763 (3d Cir.1979) ("Although most challenges to prison medical treatment have focused on the alleged deficiencies of medical treatment for physical ills, we perceive no reason why psychological or psychiatric care should not be held to the same standard.).
>
> An inmate can show deliberate indifference" where, for example, "prison authorities deny reasonable requests for medical treatment ... and

such denial exposes the inmate to undue suffering." *Lanzaro,* 834 F.2d at 346 (quotation and citation omitted). Alternatively, deliberate indifference" is shown where knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care" or where "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to [a] physician capable of evaluating the need for such treatment." *Id.* at 346-47 (quotations and citations omitted). It is clear, however, that allegations of negligence do not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106, 97 S.Ct. 285. Finally, "whether or not a defendant's conduct amounts to deliberate indifference has been described as a classic issue for the fact finder." *A.M. ex. rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.,* 372 F.3d 572, 588 (3d Cir.2004) (quoting *Nicini v. Morra,* 212 F.3d 798, 816 (3d Cir.2000) (Rendell, J., dissenting)).

214 Fed. Appx. At 110-111. *See also Ascenzi v. Diaz,* 2007 WL 1031516, *4 (M.D. Pa.).

Furthermore, mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference have consistently held that mere allegations of malpractice do not raise issues of constitutional import...Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White v. Napoleon,* 897 F.2d 102, 110 (3d Cir. 1990) (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

We find that Plaintiff has not alleged the personal involvement of any Defendant with respect to his Eighth Amendment denial of medical care claim. Thus, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim be dismissed without prejudice as against Defendants Warden Robert Karnes and Deputy Warden Hauck Defendants because Plaintiff has not properly alleged that these Defendants acted with deliberate indifference to a serious medical need.

**IV.     RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that:

1. The Court dismiss **WITH PREJUDICE** Plaintiff's claims for monetary damages against Defendants in their official capacities;

2. The Court **DISMISS WITHOUT PREJUDICE**, Defendants Warden Robert Karnes and Deputy Warden Hauck with respect to Plaintiff's denial of proper medical care claim;

3. The Court **DISMISS WITH PREJUDICE** Defendant Medical Staff LCCF; and

4. The Court **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment conditions of confinement claim as against all Defendants.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 4, 2014**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES J. LARNERD, JR., | : | **CIVIL ACTION NO. 1:14-CV-1341** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DEPUTY WARDEN HAUCK, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 4, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to timely file objections to the foregoing Report and Recommendation may constitute a waiver of appellate rights.

　　　　　　　　　　　　　　　　　　　　　　　　**s/ Thomas M. Blewitt**
　　　　　　　　　　　　　　　　　　　　　　　　**THOMAS M. BLEWITT**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

**Dated: August 4, 2014**