IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES J. LARNERD, JR.,** | : | CIVIL ACTION NO. 1:14-CV-1341 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DEPUTY WARDEN HAUCK,** *et al.*, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 11th day of September, 2014, upon consideration of the report (Doc. 8) of Magistrate Judge Thomas M. Blewitt, recommending the court dismiss the complaint (Doc. 1) filed by *pro se* plaintiff James J. Larnerd, Jr. ("Larnerd"), pursuant to 28 U.S.C. § 1915 for failure to state a claim for which relief may be granted, see 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."), and, following an independent review of the record, the court in agreement with the Magistrate Judge that Larnerd's complaint fails, in its current form, to state a viable claim, (see Doc. 8 at 7-13), and further in agreement that well-settled decisional law bars Larnerd's claim for monetary damages against defendants in their official capacities, see Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 253-53 (3d Cir. 2010) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)), and that Larnerd's claim against the "Medical Staff Lebanon County Correctional Facility" is barred because a medical department is not a proper defendant for purposes of a Section 1983 action, see Fischer

v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (observing that "the New Jersey Prison Medical Department . . . may not be sued under 42 U.S.C. § 1983 since it is not a person"), but the court concluding, at variance from the Magistrate Judge and in deference to Larnerd's *pro se* status, that Larnerd should be granted leave to amend with respect to both his claim for denial of medical care and his conditions of confinement claim because the court cannot ascertain with certainty whether amendment would be futile on the sparse pleading before it, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (courts liberally grant leave to amend "unless amendment would be inequitable or futile"), and it appearing that neither party objects to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007)

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

(explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 8) of Magistrate Judge Blewitt is ADOPTED except to the limited extent it recommends that Larnerd's conditions of confinement claim be dismissed with prejudice.

2. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is GRANTED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED in its entirety. Plaintiff's Eighth Amendment claims against the individual defendants in their personal capacities are DISMISSED without prejudice. Plaintiff's claims for monetary damages against defendants in their official capacities and his claims against the "Medical Staff Lebanon County Correctional Facility" are DISMISSED with prejudice.

4. Plaintiff is GRANTED leave to amend his pleading within fourteen (14) days. If plaintiff fails to file a curative amended pleading within fourteen (14) days of the date of this order, the Clerk of Court shall close this case.

5. Any amended pleading filed pursuant to paragraph 4 shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint (Doc. 1) hereinabove dismissed.

6. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania